# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

PERRY DEAN MASON,                )
                                 )
      Movant,                    )
                                 )
v.                               )          CV416-172
                                 )          CR499-238
UNITED STATES OF AMERICA,        )
                                 )
      Respondent.                )


# REPORT AND RECOMMENDATION

Over a decade ago this Court denied Perry Mason's first 28 U.S.C. § 2255 motion on the merits. CR499-238, doc. 41, *adopted*, doc. 51, *certificate of appealability denied*, doc. 53. In this, his numerically third § 2255 motion,[1] doc. 101, he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), and made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), holding the Armed Career Criminal Act's (ACCA) "residual clause" is unconstitutional.

_____

[1] This may in fact be Mason's *fourth* such motion. Still pending on this Court's docket is his "motion for writ of *audita querela*," (doc. 93) which he filed on July 13, 2015. A preliminary peek at the motion strongly suggests a § 2255 motion in disguise, which would make the present motion Mason's fourth.

Mason, however, was sentenced as a "career offender" under the Sentencing Guidelines -- *not* the ACCA. Presentence Investigative Report (PSR) at ¶ 19, 25, 27-30 (determining he qualified as a "career offender" under U.S.S.G. § 4B1.1 based on five prior convictions for robbery in Florida); *see also* doc. 20 (sentencing him to 262 months' incarceration). And *Johnson* , which invalidated the ACCA residual clause, *does not* extend to the identical language of the Sentencing Guidelines' residual clause. *Beckles v. United States*, __ U.S. __, 2017 WL 855781 (Mar. 6, 2017); *see also United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (same). Movant thus has no claim for relief.

Perry Mason's 28 U.S.C. § 2255 motion therefore should be **DENIED**. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." **Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.**

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __22nd__ day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3