IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PERRY DEAN MASON, )
 )
    Petitioner, )
 )
v. ) CASE NOS. CV416-172
 ) CR499-238
UNITED STATES OF AMERICA, )
 )
    Respondent. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 11), to which objections have been filed (Doc. 16). In his objections, Petitioner contends that based on the Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), he no longer qualifies as a "career offender" under the Sentencing Guidelines. (Doc. 16 at 5-6.) In Johnson, the Court held that the Armed Career Criminal Act's residual clause was so vague as to violate due process. However, Johnson does not provide the relief Petitioner seeks.

This Court sentenced Petitioner at a time when the Sentencing Guidelines were mandatory and included an identically worded residual clause. Petitioner argues that the mandatory nature of the Sentencing Guidelines entitles him to relief under Johnson. However, that is not the case. First, in Beckles v. United States, ___ U.S. ___, 2017 WL 855781 (Mar. 6, 2017), the

Supreme Court concluded that the residual clause in the Sentencing Guidelines was not subject to a due process vagueness challenge pursuant to Johnson. Second, the Eleventh Circuit has previously determined that petitioners sentenced when the Guidelines were mandatory may not look to Johnson for relief. In re Griffin, 823 F.3d 1350, 1354 (11th Cir. 2016). As a result, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Petitioner's 28 U.S.C. § 2255 motion is **DENIED**. In addition, Petitioner is not entitled to a Certificate of Appealability, rendering moot any request for in forma pauperis status on appeal. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 8th day of May 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA