IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR499-238-1 |
| ) | |
| PERRY DEAN MASON, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is Defendant's Motion for Writ of Audita Querela. (Doc. 93.) For the following reasons, Defendant's motion is **DENIED**.

In the motion, Defendant argues that he was denied the opportunity to allocute during his sentencing. (Doc. 94 at 12-15.) He alleges that the writ of audita querela should be issued to remedy this defect. (Id.) The writ of audita querela is "an ancient writ used to attack the enforcement of a judgment after it was rendered." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). Federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However "where a statute has a mechanism for relief, [courts] may not grant a writ of audita querela." Orlansky v. United States, 627 F. App'x 915, 915 (11th Cir. 2015). For purposes of criminal challenges to convictions, "common law writs . . . survive only to the extent that they fill[] gaps in the system of federal post-conviction

remedies." Morales v. Fla. Dept. of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (citing Holt, 417 F.3d at 1175). "A writ of audita querela may not be granted when relief is cognizable under [28 U.S.C.] § 2255." Holt, 417 F.3d at 1175. Moreover, individuals may not seek a writ of audita querela "where the party complaining has had [prior] legal opportunity of defense and neglected it." Avery v. United States, 79 U.S. 304, 307 (1870).

Defendant is not entitled to a writ of audita querela in this case. His claim that he was denied the opportunity to allocute arose prior to his sentencing. Accordingly, he could have raised that claim on direct appeal. Because Defendant also alleged that he was prejudiced by the loss of the opportunity to allocute, he could have also raised this claim in his first motion under 28 U.S.C. § 2255. See Gordon v. United States, 518 F.3d 1291, 1300 (11th Cir. 2008) ("[T]he failure to inquire about the right to allocute is not redressable in habeas absent proof that the denial prejudiced the petitioner."). Defendant did neither of these things. Accordingly, Defendant is not entitled to a writ of audita querela. The motion is **DENIED**.

SO ORDERED this 19th day of May 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA